Hon. Benjamin H. Settle

1

2

3

4

5

6

7

8

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

9

| | |
|---|---|
| 10 DONNA BRIM, KIMBERLY PERRY, | Case No.: 3:24-cv-05133-BHS |
| AND JANET TURNER LAMONICA, | |
| 11 as individuals and on behalf of all others | **PLAINTIFFS' UNOPPOSED MOTION FOR** |
| similarly situated, | **FINAL APPROVAL OF CLASS ACTION** |
| 12 Plaintiffs, | **SETTLEMENT** |
| vs. | |
| 13 | **NOTE ON MOTION CALENDAR:** |
| PRESTIGE CARE, INC. | April 21, 2025 |
| 14 | |
| Defendant. | |
| 15 | |

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

## I.    INTRODUCTION

The administration of the Settlement Agreement, to date, has been an overwhelming success. Of the approximately 45,000 individuals in the Settlement Class, only one has opted out and no class member has objected. The Notice Plan has obtained an excellent result: a claims rate that exceeds 7%. The proposed settlement, which provides for up to $700,000 in monetary relief to Settlement Class Members, will provide the class with meaningful monetary and non-monetary relief, commensurate with the alleged damages they sustained. Reached through arm's-length negotiations after contested litigation by experienced and well-informed counsel, the Settlement will deliver tangible, immediate benefits to Settlement Class Members, addressing the potential harms of the data breach without protracted and inherently risky litigation.

Plaintiffs Donna Brim, Kimberly Perry, and Janet Turner Lamonica ("Plaintiffs"), by and through their undersigned counsel, respectfully request this Court grant Plaintiffs' Motion for Final Approval of this Class Action Settlement so that Plaintiffs may begin the process of distributing benefits to those members of the Settlement Class who have submitted valid claims. Because the proposed Settlement is fair, reasonable, and adequate, and because it satisfies all the requirements of Rule 23, the Court should finally certify the Settlement Class and grant final approval of the Settlement Agreement.

Plaintiffs' Counsel conferred with Counsel for Defendant Prestige Care, Inc. ("Defendant"), who indicated it does not oppose final approval of the Settlement Agreement.

## II.    BACKGROUND

Plaintiffs incorporate Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") (Dkt. #26) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Award ("Motion for Attorneys' Fees") (Dkt. #30) by

---

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 2

reference, which describe Plaintiffs' investigation and Consolidated Amended Complaint (ECF No. 16), the Parties' exchange of informal discovery, mediation, and the negotiations that led to the Settlement Agreement currently before the Court. Plaintiffs' Motion for Preliminary Approval also explains the benefits provided under the terms of the Parties' Settlement Agreement. *See* Dkt. #26 at 4–6. Briefly summarized, the Settlement Agreement provides for up to $400.00 in Out-of-Pocket losses, up to $100.00 in lost time, and/or up to $5,000.00 in Consequential Damages; alternatively, Settlement Class Members may claim a $50.00 Alternative Cash Payment. *See* Settlement Agreement ("S.A.") ¶ 2.1. Monetary Relief is subject to an aggregate cap of $700,000.00. *Id*. In addition to monetary relief, Settlement Class Members are eligible to claim three years of credit monitoring and identity theft protection services. *Id*. ¶ 2.2.

Defendant has also committed to business practice changes for a period of at least three years after the applicable business practices change is initiated: (i) implementation of enhanced multi-factor authentication; (ii) engagement with recognized third-party vendors for managed detection and response; (iii) adoption of additional encryption technologies; (iv) implementation of improved log retention and monitoring expenses; and (v) creation of an incident response. *Id*. ¶ 2.4. Defendant estimates that, in total, its implementation and maintenance of enhanced security measures has cost and will cost in excess of approximately $250,000.00.

A.    **The Notice Program has been successfully implemented.**

As directed by this Court's Preliminary Approval Order, the Parties worked diligently to implement the Notice Plan in coordination with the approved Claims Administrator Eisner Advisory, LLC ("Eisner"). Using records provided by Defendant, Eisner fully implemented the comprehensive notice program consisting of direct-mail Postcard notice, a tear off claim form, a

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

website, and a toll-free number. As detailed below and in the Declaration of Kevin Balhoff of Eisner in connection with Final Approval of Settlement ("Admin Decl."), attached as **Exhibit 1**, the Notice Plan is now complete, and the results have been overwhelmingly successful.

       1.      **Class Action Notice Program**

Eisner maintains a database of 44,967 Settlement Class Members ("Class Notice List") that was used to effectuate the Notice Program as outlined within the Settlement Agreement. Admin Decl. ¶ 7. Eisner received the class data on December 9, 2024, in an Excel file with a total of 45,117 records. *Id*. After de-duplicating the data, Eisner determined that the Settlement Class Member population consists of 44,967 unique records. *Id*. These records were sent through a process to identify decedents, and if the Class Members were deceased, identify their next of kin. *Id.* Through this process, Eisner found 3,831 class members were deceased at the time of notice and identified a valid next of kin for 3,615 Class Members. *Id*. Of the 44,967 class members, 44,915 had an address sufficient to attempt mailing. *Id*.

Eisner caused the Short Form Notice (in the form of a double postcard) to be mailed via First-Class Mail ("Postcard Notice") to Settlement Class Members for which a mailing address was available. *Id*. ¶ 7. The Postcard Notice included (a) the web address to the case website for access to submit a claim and provide additional information, (b) rights and options as a Settlement Class Member and the dates by which to act on those options, and (c) the date of the Final Approval Hearing. *Id*. The Notice mailing commenced on or before January 2, 2025, in accordance with the Preliminary Approval Order. *Id*.

Prior to the mailing, all mailing addresses were checked against the National Change of Address (NCOA) database maintained by the United States Postal Service ("USPS"). *Id*. ¶ 9. In addition, the addresses were certified via the Coding Accuracy Support System (CASS) to ensure

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT Case No. 3:24-cv-05133-BHS - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the quality of the zip code and verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses. *Id*. In the initial mailing campaign, Eisner executed mailings to 44,915 Settlement Class Members with complete mailing information. *Id*. Eisner also executed supplemental mailings for 8,962 Settlement Class Members for which the initial postcard was not deliverable but for which Eisner was able to obtain an alternative mailing address through (1) forwarding addresses provided by the USPS, (2) skip trace searches using the LexisNexis third-party vendor database, or (3) requests received directly from Settlement Class Members. *Id*.

On January 2, 2025, Eisner published the Settlement Website, www.PrestigeCareDataSettlement.com. *Id*. ¶ 12. Visitors to the Settlement Website can download the Long Form Notice (in English & Spanish), the Claim Form, as well as Court Documents, such as the Class Action Complaint, the Settlement Agreement, the Preliminary Approval Order, Orders of the Court, and other relevant documents. *Id*. Visitors were also able to submit claims electronically, find answers to frequently asked questions (FAQs), see important dates and deadlines, and find contact information for the Settlement Administrator *Id*. As of April 7, 2025, the Settlement Website received 6,976 unique visits. *Id*.

On January 2, 2025, Eisner established a dedicated toll-free telephone number, 1-844-730-6791, which is available twenty-four hours per day. *Id*. ¶ 13. Settlement Class Members can call and interact with an interactive voice response system that provides important settlement information and offers the ability to leave a voicemail message to address specific requests or issues. *Id*. Eisner also provided copies of the Long Form Notice, paper Claim Form, as well as the Settlement Agreement, upon request to Settlement Class Members, through the toll-free number. *Id*. The toll-free number appeared in all Notices, as well as in multiple locations on the Settlement Website. *Id*. The toll-free number will remain active through the close of this

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Settlement Program. *Id*. Eisner established an Email address, info@PrestigeCareDataSettlement.com, to provide an additional option for Settlement Class Members to address specific questions and requests to the Settlement Administrator for support. *Id*.

### 2.    Class Action Fairness Act ("CAFA")

On December 19, 2024, pursuant to 28 U.S.C. §1715(b), Eisner, on behalf of the Defendant, caused notice of this Settlement and related materials to be sent to the Attorneys General of all U.S. states, District of Columbia, Puerto Rico, as well as the Attorney General of the United States. *Id*. ¶ 6. As of April 7, 2025, Eisner has not received any objection from any Attorney General. *Id*.

### 3.    Effectiveness of Notice

Through the Notice procedures outlined above, Eisner attempted to send direct notice to 44,915 (99.88%) Settlement Class Members for which a mail or email address were available. *Id*. ¶ 15. As of April 7, 2025, the Notice Program reached a total of 40,209 (89.42%) of Settlement Class Members. *Id*. The online claim submission feature was available beginning January 2, 2025. As of April 7, 2025, EisnerAmper has received a total of 3,173 claims submissions, of which 3,068 claims have been determined to be non-duplicative and from Settlement Class Members. *Id*. ¶ 16. The deadline to submit a request for exclusion or objection was March 3, 2025. *Id*. ¶¶ 17–18. Of the approximately 45,000 class members, only one class member has opted out, and no class member has objected. *Id*. As of April 7, 2025, 3,173 claims have been submitted, which represents 7.05% of the Settlement Class. This is an excellent claims rate and signifies overwhelming approval for the settlement.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## VI.    ARGUMENT

Plaintiffs respectfully request that the Court grant final certification of the Settlement Class because: (1) the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3); (2) the Court-approved notice program satisfies both Rule 23 and due process requirements and has been fully implemented pursuant to the Court's requirements; and (3) the Settlement is fair, reasonable, and adequate.

### A.    The Settlement Continues to Merit Certification

A threshold inquiry at final approval is whether the Class satisfies the requirements of Rule 23(a) and (b). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–22 (9th Cir. 1998). The Court completed this first step in the settlement approval process when it granted preliminary approval and provisionally certified the Settlement Class. *See* Dkt. #28. Here, the Court's Preliminary Approval Order made specific findings that the Class met each of the four Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. *Id.* Likewise, the Court found that the Settlement Class meets each of the Rule 23(b)(3) requirements: questions of law and fact common to the members of the class predominate over any "questions affecting only individual class members," and a class action is superior to other available methods of fairly and efficiently adjudicating this controversy. *Id*. Plaintiffs respectfully submit that nothing has changed since these findings were made, and they remain accurate. Because no relevant facts have changed since the Court certified the Settlement Class the Court need not revisit class certification here. *Aikens v. Panatte, LLC*, No. 2:17-cv-01519, Dkt. #54 (W.D. Wash. Feb. 5, 2019); *Ewing v. Admin. Sys., Inc.*, C08-0797 RAJ, 2009 WL 10725426, at *1 (W.D. Wash. Sept. 30, 2009); *see also Jamil v. Workforce Res., LLC*, 2020 WL 6544660, at *3 (S.D. Cal. Nov. 5, 2020).

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**B.     Notice Satisfies Due Process**

Prior to granting final approval, this Court must consider whether the members of the class received adequate notice of the settlement. Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Specifically, the court must find that the notice to the class was "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "[T]he rule does not insist on actual notice to all class members in all cases." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (quoting *Mullins v Direct Digital LLC*, 795 F.3d 654, 665 (7th Cir. 2015)). Although what constitutes the "best notice practicable" is case-specific, the Federal Judicial Center has noted that a notice campaign that reaches 70% of a class is often reasonable and satisfies due process. Federal Judicial Center, *Judges' Class Action Notice & Claims Process Checklist & Plain Language Guide* 3 (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

The claims rate here is outstanding at 7.05%. While low claims rates in the data breach context are not usual,[1] the response rate here is a multiplier of what is considered a "good" response rate. *See Hightower v. Receivable Performance Management*, No. 2:22-cv-01683, Dkt. #85 (W.D. Wash Dec. 13, 2024) (approving settlement with 0.65% claims rate); *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 599 (N.D. Cal. 2020) (approving claims rate of

---

[1] *Weisenberger v. Ameritas Mut. Holding Co.*, No. 4:21-CV-3156, 2024 WL 3903550, at *3 (D. Neb. Aug. 21, 2024) (finding parties' efforts to afford class members the opportunity to obtain relief satisfied the Federal Rules and due process when 95,644 class action notices were sent to the settlement class and 1,200 members filed claims). "A response rate is relevant only secondarily to the examination of the notice that was provided in the context of the possible forms of notice reasonably available." *Summers v. Sea Mar Cmty. Health Centers*, 29 Wash. App. 2d 476, 497, *review denied sub nom. Barnes v. Sea Mar Cmty. Health Centers*, 549 P.3d 112 (2024) (Response rate of approximately 0.5 percent found sufficient where notice plan used known email and postal address as well as the use of a settlement website, toll free phone number, and Facebook and Instagram posts).

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

.83%); *Theodore Broomfield v. Craft Brew Alliance, Inc.*, 2020 WL 1972505, at *7 (N.D. Cal. Feb. 5, 2020) (approving settlement with response rate of "about two percent"); *Bostick v. Herbalife Int'l of Am., Inc.*, No. CV 13-2488, 2015 WL 12731932, at *27 (C.D. Cal. Mat 14, 2015) (approving settlement with "response rate of less than 1%").

The Court already provisionally approved the Notice Plan proposed by Plaintiffs and Class Counsel, including the forms of Plaintiffs' Summary Notice and Long Form Notice, finding that they complied with the requirements of Rule 23 and due process. The Court also approved of Plaintiffs' proposed manner of distribution of notice forms as compliant with the requirements of Rule 23 and due process.

Plaintiffs' implementation of that Notice Plan was successful in all aspects. The Notice Plan as designed and implemented reached approximately 89.42% of the identified Settlement Class. Admin. Decl. ¶ 15. That figure far exceeds the constitutional due process requirement in this Circuit. *See, e.g.*, *Askar v. Health Providers Choice, Inc.*, No. 19-CV-06125-BLF, 2021 WL 4846955, at *3 (N.D. Cal. Oct. 18, 2021) ("[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23.") (citation omitted). Finally, all forms of notice accurately described the Settlement and directed the recipient to the Settlement Website where further information was available.

The Court should therefore find that the Notice Plan, as executed, satisfied Rule 23(c)(2)(B) and fully complied with due process requirements.

## C.    The Settlement Should be Finally Approved Pursuant to Rule 23(e)

To approve a class action settlement as fair, reasonable, and adequate, Rule 23(e)(2) requires the Court to consider "whether (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." At the final approval stage, the court considers the settlement in light of a non-exhaustive list of factors—the so-called *Churchill* factors—including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Hanson v. MGM Resorts Int'l*, No. 16-cv-1661-RAJ, 2018 WL 3630284, at *4 (W.D. Wash. July 31, 2018). Not surprisingly, there is overlap between the 23(e) fairness, reasonableness, and adequacy considerations and the factors set out in the Ninth Circuit test in *Churchill*, 361 F.3d at 575. The Ninth Circuit has instructed that the court's 23(e)(2) analysis should be guided by the *Churchill* factors. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**D.    Class Counsel and Class Representatives Have Adequately Represented the Settlement Class**

Plaintiffs and Class Counsel have represented the Class adequately in connection with both the litigation and the Settlement. Plaintiffs have claims that are typical of, and coextensive with, those of the Class, and they have no interests that are antagonistic to other members of the Class. *See Hanlon*, 150 F.3d at 1020. Indeed, Plaintiffs share the primary goal with the Class of

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 10

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

obtaining the largest possible recovery from Defendant. Class Counsel diligently represented the Class throughout the course of this complex and hard-fought litigation. Class Counsel, who are experienced in representing plaintiffs in class action and data privacy cases, have spent over a year litigating this case and advocating for the Class. As a result of their efforts, the Settlement provides considerable monetary relief to participating Settlement Class members. By any measure, Class Counsel's efforts constitute adequate representation of the Class.

**E.    The Settlement Has No Indicia of Collusion and is the Result of Hard-Fought Negotiations Before an Experienced Mediator**

The Ninth Circuit instructs courts to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (quoting *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). When approving a settlement prior to class certification the Court is required to engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The Settlement here was the result of arm's length negotiations conducted under the guidance of Honorable Ronald B. Leighton (Ret.). *See* Motion for Preliminary Approval, p. 3. The fact that the parties reached the Settlement with the assistance of a neutral mediator is a "factor weighing in favor of a finding of non-collusiveness." *In re Bluetooth*, 654 F.3d at 948. Courts within the Ninth Circuit "have afforded a presumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arms' length negotiations conducted by capable and experienced counsel." *In re Netflix Privacy Litig.*, 2013

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013); *Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal. 2018) ("[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." (internal quotation omitted)); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

Finally, the Settlement here has none of the indicia of possible collusion identified by the Ninth Circuit, such as a disproportionate requested attorneys' fee, a "clear sailing" fee agreement separate and apart from class funds, or the reversion of unpaid fees to the defendant. *See In re Bluetooth*, 654 F.3d at 947. And, while Class Counsel's fee will be determined separately, as explained in Class Counsel's Motion for Attorneys' Fees, they seek a recovery that is consistent with Ninth Circuit precedent, reflects their work performed, and is proportionate to the total benefit provided. Accordingly, all evidence indicates that this Settlement was not "the product of fraud or overreaching by, or collusion between, the negotiating parties." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 324–25 (C.D. Cal. 2016).

## F.     The Relief Provided in Settlement is Fair and Adequate in Light of the Risk and Complexity of the Case

In Plaintiffs' Motion for Preliminary Approval, Plaintiffs provided an in-depth discussion regarding the fairness and adequacy of the Settlement. *See* Dkt. #26 at 16–24. In granting preliminary approval to the Settlement, this Court agreed that the settlement was fair and adequate, particularly when considering the costs, risks, and delay associated with proceeding to trial and potential appeal. Dkt. #27 at 4. Here, evaluating the risks of continued litigation against the scope of relief this Settlement provides to the Class, the Settlement also merits final approval.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**1.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation**

This Settlement is excellent not only because of the valuable benefits obtained for the Settlement Class (both monetary and non-monetary), but also because Plaintiffs would have faced significant risks in litigating this case through trial. Although nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is a complex class in an uncertain and ever-developing area of the law. Some data breach cases have faced hurdles in surviving even the pleading stage. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, at *1–2 (S.D.N.Y. June 25, 2010) (collecting cases). Moreover, to Class Counsel's knowledge, no data breach class action has ever been tried, let alone resulted in a final judgment in favor of a class.

Each of these risks poses a risk that Settlement Class Members could end up losing the case at or before trial and recovering nothing at all. Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1, 19 (D.D.C. 2017) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019). Thus, this factor favors approval.

**2.  The Risk of Maintaining Class Action Status Through Trial**

If this case were to proceed forward in adversarial litigation, Plaintiffs face the additional risk of maintaining class certification through trial because Defendant would fiercely oppose class certification. Assuming Plaintiffs were able to proceed forward after obtaining a ruling certifying a contested class, they would still face risks and delays in maintaining and litigating their class

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

claims. The Ninth Circuit recognizes the inherent risk that a district court "may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Omnivision Techs. Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("Even if the Court were to certify the class, there is no guarantee the certification would survive through trial, as Defendants might have sought decertification or modification of the class."). Moreover, even if Plaintiffs were successful in obtaining class certification and winning trial in the district court, the risk of one or more lengthy appeals would be high. All the while, any relief to Settlement Class Members would remain in limbo and be delayed. Accordingly, the risk and uncertainty surrounding certification of the Class also supports approval of the Settlement.

### 3.   The Amount Offered in Settlement

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. As discussed above, the Settlement makes significant relief available to Settlement Class Members in the form of reimbursement for Out-of-Pocket Losses, cash fund payments, and credit monitoring. This Settlement is a strong result for the Class, and as discussed extensively at Preliminary Approval, the amount offered is in line with other settlements in cases involving data breaches of similar scope. The relief offered by the Settlement is also reasonable in light of "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii).[2]

### 4.   The Extent of Discovery Completed and the Stage of Proceedings

Plaintiffs were well informed about the strengths and weaknesses of this case before entering into settlement discussions on behalf of class members. Plaintiffs sought and received

---

[2] Plaintiffs separately filed a Motion for Attorneys' Fees, Costs, and Service Awards. To date, no class member has objected to the settlement at all, let alone counsel's fee request.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 14

1   informal discovery prior to mediation from Defendant related to the scope of the Data Incident,

2   the merits of Plaintiffs' claims, Defendant's potential defenses, the size of the Class, and other

3   issues relating to class certification. Class Counsel were therefore able to draw on their extensive

4   experience in privacy and data protection litigation to efficiently uncover the relevant information

5   bearing on the critical issues in this case. "[T]he efficiency with which the Parties were able to

6   reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon*

7   *Consulting, Inc*., No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April

8   27, 2017). Accordingly, Plaintiffs "had enough information to make an informed decision about

9   the strength of their cases and the wisdom of settlement." *Rinky Dink Inc. v. World Bus. Lenders,*

10  *LLC*, No. C14-0268-JCC, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016); *see also Linney*

11  *v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). This factor, too, supports final

12  approval.

13          **5.  The Experience and Views of Class Counsel**

14          Class Counsel are experienced class action litigators in the field of data breach and data

15  privacy litigation and recommend the Settlement as being fair, reasonable, and adequate and in

16  the best interests of the Class Members. *See* Dkt. #26 at 21. A great deal of weight is afforded to

17  the recommendation of counsel, who are most closely acquainted with the facts of the underlying

18  litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, NO. 1:14-0030 WBS, 2017 WL 1424636, at *6 (D.

19  Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc*., 221 F.R.D. 523, 528 (C.D.

20  Cal. 2004). In light of the complexities of the case and the risks of continuing through further

21  discovery, class certification, summary judgment, trial, and inevitable appeals—not to mention

22  collecting on any judgment—Class Counsel firmly believes that the Settlement represents a

23  favorable resolution of this litigation. "Absent fraud or collusion, courts can, and should, rely

---

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 15

upon the judgment of experienced counsel for the parties, when assessing a settlement's fairness and reasonableness." *Demmings v. KKW Trucking, Inc.*, No. 3:14-CV-0494-SI, 2018 WL 4495461, at *9 (D. Or. Sept. 19, 2018) (internal quotations omitted). Thus, Class Counsel's recommendation that the Settlement is fair, reasonable, and adequate "strongly favor" approval. *Lane v. Brown*, 166 F. Supp. 3d 1180, 1191 (D. Or. 2016).

### 6.  Governmental Participants

Notice pursuant to CAFA was issued on December 9, 2025. Admin Decl. ¶ 6. As of this filing, there is no governmental participant in this matter. This factor is neutral.

### 7.  The Reaction of Class Members to the Proposed Settlement

The reaction of the Class Members to the Proposed Settlement has been positive and supports approval. The number of class members who object to a proposed settlement "is a factor to be considered when approving a settlement" and the "absence of significant numbers of objectors weighs in favor of finding the settlement to be fair, reasonable and adequate." *Lane*, 166 F. Supp. 3d at 1191. "When few class members object, a court may appropriately infer that a class action settlement is fair, adequate, and reasonable." *Schneider v. Wilcox Farms, Inc.*, No. 07-CV-01160-JLR, 2009 WL 10726662, at *3 (W.D. Wash. Jan. 12, 2009). Here, *no class members have objected*. Boyd Decl. ¶ 2. *See* 4 NEWBERG ON CLASS ACTIONS, § 11:48 (4th ed. 2002) ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections." (citations omitted)).

Moreover, as of April 7, 2025, Eisner has received only one valid request for exclusion. Admin. Decl. ¶ 17. This near total lack of opposition is a strong indication that the class supports the settlement. *See Clemans v. New Werner Co.*, No. 3:12-cv-5186, 2013 WL 12108739, at *5 (W.D. Wash. Nov. 22, 2013) (in settlement where one objection and four exclusions were filed,

court found that "the overwhelming non-opposition to and participation in the Settlement [are] strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable."); *see also Rodriguez*, 563 F.3d at 967 (concluding that the district court "had discretion to find a favorable reaction" when 54 of 376,301 class members objected to settlement); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *8–9 (W.D. Wash. Mar. 26, 2001) (granting final approval where "less than 1% of the class opted out and only nine objections were submitted").

Accordingly, the Class's supportive reaction to the Settlement favors final approval.

**F.    The Settlement Treats Settlement Class Members Equitably**

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), adv. comm.'s note (2018). In determining whether this factor weighs in favor of approval, a Court must determine whether the Settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Paredes Garcia v. Harborstone Credit Union*, 2023 WL 4315117, *5 (W.D. Wash. July 3, 2023) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

Here, the Settlement does not improperly discriminate between any segments of the class, as all Settlement Class Members are entitled to the same relief. Likewise, the provision of service awards for the Named Plaintiffs is consistent with the equitable treatment of class members. The requested service awards of $2,500.00 per class representative is reasonable and in line with

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 17

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

awards granted in similar cases. *See, e.g.*, *Roe v. Frito-Lay, Inc.*, No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (noting a $5,000.00 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards of $5,000.00). Moreover, as the service awards fall in line with the caps on claims for monetary relief in the settlement, there is not a "'significant disparity between the incentive awards and the payments to the rest of the class members' such that it creates a conflict of interest." *Spann*, 314 F.R.D. at 328 (citing *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013)).

In sum, the Settlement treats all Class Members equitably relative to each other, and final approval is appropriate.

## III.     CONCLUSION

Plaintiffs respectfully request that the Court grant this motion for final approval of class action settlement, find that the settlement is fair, reasonable, and adequate, and enter Plaintiffs' proposed form of judgment.

I certify that this motion contains 5,151 words in compliance with the local civil rules.

Date: April 7, 2025                          Respectfully Submitted,

                                             **TOUSLEY BRAIN STEPHENS PLLC**

                                             By: */s/ Kaleigh N. Boyd*
                                             Kaleigh N. Boyd, WSBA #52684
                                             1200 Fifth Avenue, Suite 1700
                                             Seattle, WA 98101-3147
                                             Telephone: (206) 682-5600
                                             kboyd@tousley.com

                                             Gary E. Mason*
                                             Danielle L. Perry*
                                             Lisa A. White*
                                             **MASON LLP**
                                             5335 Wisconsin Avenue, NW, Suite 640

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 18

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Washington, DC 20015
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN LLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Ave. S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
pkreszki@chestnutcombronne.com

Michael C. Submit, WSBA No. 29189
**FRANK FREED SUBIT & THOMAS**
705 2nd Ave., Suite 1200
Seattle, WA 98104-1729
Telephone: (206) 682-6711
msubit@frankfreed.com

*Attorneys for Plaintiffs and the Proposed Classes*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:24-cv-05133-BHS - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992