HONORABLE BENJAMIN H. SETTLE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

Brim, et al.,

              Plaintiffs,

            v.

Prestige Care Inc.,

              Defendant.

Case No. 3:24-cv-05133

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

**WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

**WHEREAS**, Plaintiffs Donna Brim, Kimberly Perry, and Janet Turner Lamonica ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Prestige Care Inc., ("Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS,** by Order dated December 2, 2024, ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class and subclasses solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding Final Approval of the Settlement;

**WHEREAS,** due and adequate Notice has been given to the Settlement Class;

**WHEREAS,** one Class Member submitted a Request for Exclusion;

**WHEREAS,** no Class Members objected to the Settlement;

**WHEREAS,** the Court conducted a hearing on April 21, 2025, (the "Final Approval Hearing") to consider, among other things, (a) any Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Expenses should be granted; (d) whether the Class Representative's motion for Service Award should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **Jurisdiction**:  This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents**:  This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on November 25, 2024; and (b) the Notice documents filed with the Court on April 7, 2025.

3. **Class Certification for Settlement Purposes**:  The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 on behalf of the Settlement Class consisting of, "[a]ll individuals impacted by Prestige Care's Data Incident, including all individuals who received notice of the Data Incident, that occurred on September 7, 2023."  The Settlement Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

4. **Adequacy of Representation**:  Pursuant to Rule 23, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order appointing Donna Brim, Kimberly Perry, and Janet Turner Lamonica as Class Representatives for the Settlement Class and appointing Kaleigh N. Boyd of Tousley Brain Stephens PLLC to serve as counsel for the Settlement Class.  The Class Representatives and

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Rule 23.

5. **Notice**: The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the nature of the Action, (ii) the definition of the class certified, (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who timely requests exclusion; (vi) the time and manner for requesting exclusion; the binding effect of a class judgment on members under Rule 23(c)(3); (vii) Class Counsel's motion for a Fee Award and Expenses, (viii) Class Representatives' motion for Service Awards, (ix) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Expenses, and/or Class Representatives' motion for Service Awards; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) was carried out as ordered by this Court's Preliminary Approval Order and satisfied the requirements of Rule 23 and the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. **Objection**: There are no objections to the Settlement Agreement or to Plaintiffs' request for attorneys' fees, costs, and service awards.

7. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS - 4

Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8.      Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9.      **Binding Effect**:  The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns, with the exception of the single individual who timely and validly requested exclusion from the class.

10.     **Releases**:  The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Settlement Class Member shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Persons from any and all Released Claims.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS - 5

11.     Notwithstanding Paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12.     **No Admissions**:    This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

13.     **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Expenses; (d) the Class Representatives' motion for Service Award; and (e) the Settlement Class Members for all matters relating to the Action.

14.     Upon consideration of Plaintiffs' Motion for Attorneys' Fees and Expenses, Class Counsel is hereby awarded attorneys' fees and costs in the amount of $325,000.00 to be paid as specified in the Settlement Agreement.

15.     Upon consideration of Plaintiffs' Motion for Service Awards, and consistent with Paragraph 7.3 of the Settlement Agreement, the Class Representatives are each hereby awarded $2,500.00, to be paid as specified in the Settlement Agreement.

16.     **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS'
COSTS, AND SERVICE AWARDS - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of the date prior to execution of the Settlement Agreement, as provided in the Settlement Agreement.

**Entry of Judgment**:  There is no just reason for delay of entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in the Action.

**IT IS SO ORDERED** this ___ day of _____, 202__.


_____
The Honorable Benjamin H. Settle
United States District Court
Western District of Washington

Presented by:

**TOUSLEY BRAIN STEPHENS, PLLC**

By: *s/Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA #52684
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600
Fax: (206) 682-2992
kboyd@tousley.com

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS - 7

1

Gary M. Klinger*
**MILBER COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
227 W. Monroe St., Ste. 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

2

3

4

5

Bryan L. Bleichner*
Philip Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

6

7

8

9

10

11

Danielle L. Perry*
**MASON LLP**
5335 Wisconsin Ave., NW, Ste. 650
Washington, D.C. 20015
Tel: (202) 429-2290
gmason@masonllp.com

12

13

14

15

16

*Settlement Class Counsel*

17

*admitted pro hac vice*

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS - 8